UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATHAN P. GOLDSTEIN, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' BENEFIT FUNDS,<br>            Plaintiff,<br><br>v.<br><br>LARKIN ENTERPRISES, INC.,<br>            Defendant,<br><br>and<br><br>TD BANK, N.A.,<br>            Trustee. | C.A. No. |

## VERIFIED COMPLAINT

### NATURE OF ACTION

1. Plaintiff brings this action pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, to enforce Defendant's obligations to pay contributions and interest due to Plaintiff benefit funds under the terms of a collective bargaining agreement and the benefit plans.

### JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f), and concurrent jurisdiction pursuant to § 301 of the LMRA, as amended, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). It provides health, dental and prescription benefits, life insurance, and accident and sickness benefits to participants. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, ("the Fund office") within this judicial district.

4. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). It provides participants with a defined pension benefit. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). The Fund is a defined contribution fund and provides participants with retirement benefits. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1). The Fund trains apprentices and journey workers in the construction industry. The Fund is governed by its Trustees and is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1). The Fund provides participants with legal services and related benefits. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of § 3(37) of ERISA, 29 U.S.C. § 1002(37). They are hereinafter collectively referred to as "the Funds."

9. The Funds are third party beneficiaries of the collective bargaining agreement between Defendant Larkin Enterprises, Inc. ("Larkin") and the Massachusetts & Northern New England Laborers' District Council ("Union") on behalf of Local #327, Augusta, Maine, Local #668, Manchester, New Hampshire, and Local #976, Portsmouth, New Hampshire.

10. Nathan P. Goldstein is the Executive Director of the Massachusetts Laborers' Benefit Funds, located at 1400 District Avenue, Burlington, Massachusetts, within this judicial district. Among other things, Mr. Goldstein serves as the collection agent for the Funds and collects the dues as set forth below. In this capacity, Mr. Goldstein has authority and control over collecting fund contributions and is a fiduciary within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

11. Defendant Larkin is a Maine corporation and is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185. Larkin lists a principal office at 317 West Broadway, P.O. Box 405, Lincoln, ME 04457. Larkin's Registered Agent is Corporation Service Company, 84 State Street, Boston, MA 02109.

12. On information and belief, TD Bank, N.A. ("TD Bank") is a banking institution holding assets of Larkin, and has a corporate office at 1701 Route 70 East, Cherry Hill, NJ 08003.

## GENERAL ALLEGATIONS OF FACT

13. On or about June 23, 2004, Larkin executed an Acceptance of Agreement and Declaration of Trust ("Acceptance of Agreement") in which it agreed to be bound to the terms of the MNVDC Construction Agreement between signatory contractors and the Maine, New Hampshire & Vermont Laborers' District Council on behalf of Local Union # 327, Augusta, Maine, Local Union # 522 Burlington, Vermont, Local Union # 668 Manchester, New Hampshire, Local Union # 976 Portsmouth, New Hampshire, Local Union # 1284, Skowhegan, Maine, and Local Union # 1377 Bangor, Maine of the Laborers' International Union of North America, AFL-CIO and any successor agreement (the "Northern New England Building and Site Construction Agreement" or the "CBA"). A true and accurate copy of Larkin's signed Acceptance of Agreement is attached as Exhibit A. A true and accurate copy of the 2024-2029 Northern New England Building and Site Agreement is attached as Exhibit B.

14. On or about November 19, 2014, Larkin executed Memoranda of Understanding with the Union specifying that certain gas distribution work performed in Cumberland County and Kennebec County, Maine would be performed under the terms of the Northern New England Heavy & Highway Agreement between the Union and the Labor Relations Division of Construction Industries of Massachusetts, Inc. (the "Northern New England Heavy and Highway Agreement"). True and accurate copies of Larkin's Memoranda of Understanding are attached as Exhibit C. A true and accurate copy of the Northern New England Heavy and Highway Agreement is attached as Exhibit D.

15. The Northern New England Building and Site Construction Agreement and the Northern New England Heavy and Highway Agreement (together, the "CBAs") require signatory employers to make contributions to each of the Plaintiff Funds for each hour worked

4

by covered employees at rates prescribed therein by the 20th of the month following the month in which the work was performed. See Ex. A; Ex. B at 20-25; Ex. D at 19-27.

16. The CBAs also require employers to remit contributions to the Laborers' Unified Trust and the dues and contributions to the Laborers' Political League that are deducted from the pay of each employee. Ex. B at 16, 24-25; Ex. D at 14-17, 23-24.

17. The Massachusetts Laborers' Benefit Funds collect the contributions owed to the ERISA Funds and the Unified Trust and the dues owed to the Union. Ex. B at 28; Ex. D at 27.

18. Signatory contractors such as Larkin are required to submit remittance reports each month listing the hours worked by their laborer employees and the contributions due to the Funds for the work performed by those employees. Ex. B at 20-25; Ex. D at 19-27.

19. The Funds monitor employer compliance through periodic payroll audits. The CBAs require signatory contractors to comply with requested audits and to provide all requested documentation. Ex. B at 26-27; Ex. D at 25-26.

20. If a signatory contractor fails or refuses to submit remittance reports for more than two months or to comply with the Funds' request for an audit, the CBAs authorize the Funds to estimate the number of hours for which contributions are owed based on the most recent twelve months audited or the last twelve months of the employer's contributions, whichever is higher. Ex. B at 27-28; Ex. D at 26-27.

21. Employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs of collection. Ex. B at 26; Ex. D at 25. Employers may also be required to furnish a $50,000 surety bond to each of the ERISA Funds for payment of contributions. Ex. B at 25-26; Ex. D at 24-25.

22. On or about February 13, 2025, the Funds performed a payroll audit and discovered that Larkin owes $69,252.71 in unpaid contributions for the work months of October through December 2024. Larkin also owes $187.23 in interest for contributions that it previously paid late. A copy of the February 13, 2025 audit report[1] is attached here as Exhibit E.

23. Larkin is also currently delinquent in its payment of contributions and submission of remittance reports for the work months of January and February 2025. On information and belief, Larkin employed laborers during this time period.

24. The Funds, through Counsel, sent a demand letter to Larkin on or about February 26, 2025, demanding payment of the delinquent contributions and interest, but Larkin has not paid the amounts due.

25. On or about March 25, 2025, Larkin attempted to submit an ACH payment, however, the payment was not completed because Larkin's TD Bank account had insufficient funds. A copy of the March 25, 2025 ACH return receipt[2] is attached here as Exhibit F.

26. The Funds, through Counsel, requested Larkin re-submit the payment by bank check. Larkin has not provided a bank check or other repayment method.

## COUNT I - VIOLATION OF ERISA

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 above.

28. Larkin's failure to pay contributions and interest owed to the Funds on behalf of its covered employees violates § 515 of ERISA, 29 U.S.C. § 1145.

29. Absent an order from this Court, Larkin will continue to ignore its obligations to remit the contributions and interest it owes to the Funds.

---

[1] First names and identification numbers are redacted.
[2] Account numbers are redacted.

30. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C. § 1132(h).

## COUNT II - VIOLATION OF LMRA

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 above.

32. The CBA is a contract within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

33. Larkin's failure to pay contributions and to submit remittance reports for the period October 2024 through February 2025 violates the terms of the CBA.

34. Larkin's failure to pay the interest it owes for previously late-paid contributions violates the terms of the CBA.

**WHEREFORE**, Plaintiff requests this Court grant the following relief:

a. Enter judgment in favor of the Funds on Counts I and II and against Larkin in the amount of the unpaid contributions owed for October 2024 through February 2025, plus $187.23 in interest owed on previously late-paid contributions, and any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, together with interest of 10 percent per annum on the delinquent contributions, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to the collective bargaining agreements and 29 U.S.C. § 1132(g)(2);

b. Enter a preliminary and permanent injunction enjoining Larkin from refusing or failing to pay the delinquent contributions and interest owed;

    c.    Order Larkin to post a surety bond for each of the ERISA Funds as set forth in the collective bargaining agreements;

    d.    Order the attachment by trustee process of the bank accounts of Larkin held by TD Bank;

    e.    Order the attachment of Larkin's machinery, inventory, bank accounts and accounts receivable to secure the Funds' claim for the unpaid contributions; and

    f.    Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

NATHAN GOLDSTEIN, as he is
EXECUTIVE DIRECTOR, MASSACHUSETTS
LABORERS' BENEFIT FUNDS,

By his Attorney,

/s/ Sasha N. Gillin
Sasha N. Gillin, BBO No. 690769
Sophie C. Esquier, BBO No. 698875
SEGAL ROITMAN, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 603-1428
sgillin@segalroitman.com
sesquier@segalroitman.com

Dated: April __1__, 2025

## VERIFICATION

I, Nathan P. Goldstein, Executive Director for the Massachusetts Laborers' Benefit Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __31__ DAY OF MARCH, 2025.

_____
Nathan Goldstein

SNG/sce,sng&ts   6306-25038/complt.doc